UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS RIOS,<br>Plaintiff,<br>v.<br>CREDENCE RESOURCE MANAGEMENT, LLC,<br>Defendant. | Case No. 2:26-cv-01801-DAD-CSK (PS)<br><br>FINDINGS & RECOMMENDATIONS<br>(ECF No. 10) |

Pending before the Court is Defendant Credence Resource Management, LLC's motion to dismiss the First Amended Complaint.[1] (ECF No. 10.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the August 18, 2026 hearing.

For the reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

The First Amended Complaint ("FAC") alleges that Plaintiff is an individual whose personal cell phone number has been registered on the National Do Not Call Registry since September 29, 2023. FAC ¶ 7. Plaintiff alleges that between March 25, 2026 and April 3, 2026, Defendant Credence Resource Management, LLC placed four calls to Plaintiff's cell phone using an automated telephone dialing system ("ATDS") and a prerecorded voice without Plaintiff's prior consent. *Id*. ¶ 11. Plaintiff specifically alleges that each call began with a prerecorded voice advising that the call would be recorded. *Id*. ¶ 12. Plaintiff alleges that the opening message was followed by contact with an agent of Defendant, who addressed Plaintiff by his full name. *Id*. ¶ 13. Plaintiff alleges each call was a "deliberate, intentional, targeted act." *Id*.

## B. Procedural Posture

Plaintiff originally filed this action against Defendant in Sacramento County Superior Court on April 14, 2026. (ECF No. 1-1 at 2-7.) Defendant removed this case to federal court on May 13, 2026. (ECF No. 1.) Defendant filed a motion for a more definite statement on May 20, 2026. (ECF No. 3.) Plaintiff filed a motion to amend the Complaint on June 16, 2026. (ECF No. 9.) Defendant subsequently filed a motion to dismiss the First Amended Complaint on June 29, 2026, with a hearing noticed for August 18, 2026. (ECF No. 10.) On July 8, 2026, the Court granted Plaintiff leave to file an amended complaint and denied Defendant's motion for a more definite statement as moot. (ECF No. 11.) Plaintiff never filed a timely opposition to Defendant's motion to dismiss, and on July 17, 2026, the Court vacated the August 18, 2026 hearing and gave Plaintiff an additional opportunity to file an opposition to the motion to dismiss no later than August

---

[2] These facts primarily derive from the FAC (ECF No. 9), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

7, 2026. (ECF No. 12.) Plaintiff never opposed Defendant's motion to dismiss. *See* Docket. Accordingly, the Court submits the motion to dismiss on the record pursuant to Local Rule 230(g).

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

The FAC alleges Defendant violated the Telephone Consumer Protection Act ("TCPA") by both (1) using an ATDS; and (2) using an artificial prerecorded voice without Plaintiff's prior consent on four separate occasions. FAC ¶¶ 16-20. Plaintiff alleges an additional TCPA violation for Defendant allegedly contacting Plaintiff despite his telephone number being registered with the National Do Not Call Registry since September 29, 2023. FAC ¶¶ 21-25. Defendant moves to dismiss the FAC for failure to state each TCPA claim. Def. Mot. at 5-13 (ECF No. 8). Plaintiff's failure to file an opposition to the motion to dismiss is construed as non-opposition to the relief requested. *See* E.D. Cal. L.R. 230(c).

**A. Plaintiff's TCPA Claims under 47 U.S.C. § 227(b)(1)(A)**

1. <u>ADTS Usage</u>

Defendant moves to dismiss Plaintiff's TCPA cause of action regarding use of an ADTS, arguing that Plaintiff's allegations are conclusory and that Plaintiff's allegations that he was targeted by Defendant undermine his claim. Def. Mot. at 5-10.

To state a claim under the TCPA with respect to usage of an ADTS, a plaintiff must allege "(1) the defendant called a cellular telephone number; (2) using an

automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F. 3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). An ADTS, as defined by TCPA is "equipment that has the capacity–(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.") *Meyer,* 707 F. 3d, at 1043 (citing 47 U.S.C. § 227(b)(1)). The Supreme Court has additionally held that a "necessary feature" of an ATDS is "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (9th Cir. 2021). "A plaintiff 'need not somehow have inside knowledge of a defendant's operations and equipment to survive dismissal under Rule 12(b)(6), rather he or she merely must proffer factual allegations that support a reasonable inference that an ATDS was used.'" *Cupp v. TA Fintech, Inc.*, 2026 WL 852048, at *2 (N.D. Cal. Mar. 27, 2026) (quoting *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *8 (N.D. Cal. Feb. 24, 2017)).

Here, Plaintiff failed to state a TCPA claim regarding use of an ATDS because the allegations are conclusory. The FAC merely alleges that Defendant used an ATDS without Plaintiff's "prior express written consent." FAC at ¶ 11. Plaintiff's allegations fail because they do not contain facts indicating whether the equipment used by Defendant randomly generated telephone numbers. *See Cupp*, 2026 WL 852048, at *3 (finding TCPA claim failed where complaint only alleged a defendant used an ATDS without further elaboration). The Court also finds that the FAC alleges Plaintiff did not provide prior express written consent, which is not the proper standard under TCPA, which only requires consent to be in writing if the call is for advertising or telemarketing. *See* Def. Mot. at 5 n.2; *Loyhayem v. Fraser Financial and Ins. Servs., Inc*, 7 F. 4th, 1232, 1235 (9th Cir. 2021).

Defendant also argues that Plaintiff's ADTS-related claim fails because the FAC alleges that Plaintiff was targeted by Defendant where each call "addressed Plaintiff by his full name, Jesus Rios." *See* FAC ¶ 13. This is the opposite of an ATDS being used in

each of the four calls because if the calls were targeted to Plaintiff, they were not made using a random or sequential generator. *See* Def. Mot. at 9-10. The Court agrees that this allegation implies that the calls made were specifically directed to Plaintiff. The Court further concludes that leave to amend would be futile here, as a call cannot be both random and targeted. *See Daniels v. Community Lending, Inc.*, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) (finding allegations of use of an ATDS failed where they were targeted specifically at plaintiffs). Therefore, the Court recommends dismissing Plaintiff's TCPA claim relating to ADTS usage without leave to amend.

2. Artificial Prerecorded Voice Usage

Defendant also moves to dismiss Plaintiff's TCPA claim as applied to the use of an artificial prerecorded voice for a lack of factual foundation. Def. Mot. at 10-11.

To state a TCPA claim regarding the use of an artificial prerecorded voice, a plaintiff must allege (1) a lack of prior express consent; (2) that the call began with the use of an artificial or prerecorded voice; and (3) that the call was made to a telephone number assigned to a cellular telephone service. *Howard v. Republican National Committee*, 164 F. 4th 1119, 1120 (9th Cir. 2026). Prior express consent may be given orally or in writing. *See Loyhayem*, 7 F. 4th, at 1235 (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7971 (2015)). "'A call that is *begun* with an artificial or prerecorded voice…' would violate § 227(b)(1)(A) if the listener was 'involuntarily subjected to the nuisance of listening to an artificial or prerecorded voice.'" *Cruz v. United Collection Bureau, Inc.*, 2026 WL 3062149, at *13 (S.D. Cal. Oct. 13, 2026) (quoting *Howard*, 164 F.4th at 1127). This section applies to "'any call,' regardless of content." *Loyhayem*, 7 F.4th at 1234.

Here, Plaintiff alleges that each of the four calls made to him began by using a "prerecorded opening message," which he later alleges was without his prior express written consent. FAC ¶¶ 13, 18. However, as the Court previously noted, Plaintiff misstates the proper standard under TCPA, which is that Defendant would have only needed "prior express consent of the called party," rather than prior express written

consent, as Plaintiff has not alleged that his four calls involved advertising or telemarketing. *See* Def. Mot. at 5 n.2; *Loyhayem*, 7 F.4th at 1235. While Plaintiff alleges the calls were made without prior *written* consent, the FAC fails to allege whether Plaintiff granted *oral* consent to Defendant and thus fails to plead the prior express consent element of the TCPA Artificial Prerecorded Voice Usage claim. The Court finds it is at least conceivable that Plaintiff could allege facts to sufficiently plead such a claim. Therefore, the Court recommends granting Defendant's motion to dismiss the TCPA claim based on using an artificial or prerecorded voice with leave to amend.

**B. Plaintiff's TCPA Claim under 47 C.F.R. § 64.1200(c)(2)**

Defendant also moves to dismiss Plaintiff's TCPA claim arising under 47 C.F.R. § 64.1200(c)(2), which bars telephone solicitation to individuals who have registered their telephone numbers on the national do not call registry. Def. Mot. 11-13. The Court agrees with Defendant that Plaintiff has failed to state a claim here.

Federal Communications Commission ("FCC") regulations define "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14). The FCC has stated that "calls solely for the purpose of debt collection are not telephone solicitations," and "calls regarding debt collection… are not subject to the TCPA's separate restriction on 'telephone solicitations.'" *Narayn v. Citibank, N.A.*, 2013 WL 5703375, at *4 (E.D. Cal. Oct. 15, 2023) (citing *Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. App'x 230, 236 (11th Cir. 2011)).

While the FAC does not allege the exact nature of the calls made to Plaintiff, it characterizes Defendant as "engaged in the business of debt collection." FAC ¶ 4. The FAC alleges that Plaintiff has never had "any account, debt, contract, or business relationship" with Defendant. *Id.* ¶ 9. However, the FAC does not attempt to plead that the calls could be categorized under the definition of "telephone solicitation." While it appears likely that the calls were made for the purpose of debt collection given the

allegation that Defendant is a debt collector, it is at least conceivable that Plaintiff could allege factual allegations that meet the FCC definition of telephone solicitations. Therefore, the Court concludes that Plaintiff has failed to state a TCPA National Do Not Call Registry claim under 47 C.F.R. § 64.1200(c)(2) and recommends dismissing the claim with leave to amend.

**C. Leave to Amend**

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff should be given leave to amend as to his TCPA Artificial Prerecorded Voice Usage and National Do Not Call Registry claims because it is conceivable that the defects can be cured and due to Plaintiff's pro se status. Plaintiff is granted leave to amend his Complaint to the extent he can allege facts that sufficiently plead his TCPA Artificial Prerecorded Voice Usage and National Do Not Call Registry claims. The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

If Plaintiff elects to file an amended complaint, it should be titled "Second

Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed. **Plaintiff is instructed not to file a Second Amended Complaint until after the district judge issues an order on these findings and recommendations. Any amended complaints filed before the district judge rules on these findings and recommendations will be stricken.**

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 10) be GRANTED as follows:
    a. Plaintiff's TCPA ADTS claim be dismissed without leave to amend;
    b. Plaintiff's TCPA Artificial Prerecorded Voice Usage claim be dismissed with leave to amend; and
    c. Plaintiff's TCPA National Do Not Call Registry claim be dismissed with leave to amend.
2. Plaintiff shall have 30 days from the date of any order by the district judge's ruling on these findings and recommendations to file an amended complaint that complies with the instructions provided. If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed for failure to prosecute. **Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, rios.1801.26.mtd